UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daikin Applied Americas Inc.,

           Plaintiff,

                                      **MEMORANDUM OPINION AND ORDER**
v.                                   Civil No. 15-1492 ADM/HB

Kavlico Corporation,

           Defendant.

_____

William F. Auther, Esq., Bowman and Brooke, LLP, Phoenix, AZ; Jesse E. Sater, Esq., Bowman and Brooke, LLP, Minneapolis, MN, on behalf of Plaintiff.

Jared D. Kemper, Esq., Dykema Gossett, PLLC, Minneapolis, MN, on behalf of Defendant.
_____

## I. INTRODUCTION

On June 3, 2015, the undersigned United States District Judge heard oral argument on Kavlico Corporation's ("Kavlico") Motion to Dismiss or Stay [Docket No. 5]. Kavlico argues that this Court lacks personal jurisdiction and that California is the forum to adjudicate this dispute. Plaintiff Daikin Applied Americas Inc. ("Daikin Applied") opposes the Motion. For the reasons set forth below, Kavlico's Motion is denied.

## II. BACKGROUND[1]

Daikin Applied is a Delaware corporation with its principal place of business in Minneapolis, Minnesota. Compl. [Docket No. 1] ¶ 1. Daikin Applied manufactures commercial heating, ventilation, and air-conditioning ("HVAC") systems. Id. ¶ 6. Kavlico is a California corporation maintaining its principal place of business in California. Id. ¶ 2. Kavlico designs

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

and manufactures components which Daikin Applied has used in some of its HVAC systems. Id. ¶¶ 7, 9.

Beginning in 2010, Kavlico began supplying Daikin Applied with high and low pressure transducers. Id. ¶ 8. The parties primarily conducted their business through written agreements. One such written agreement includes a forum selection clause in the Terms and Conditions. The forum selection clause states:

> PURCHASER AND SELLER IRREVOCABLY SUBMIT TO THE EXCLUSIVE JURISDICTION OF ANY UNITED STATES FEDERAL OR MINNESOTA STATE COURT LOCATED IN THE COUNTY OF HENNEPIN, STATE OF MINNESOTA, IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO ANY ORDER DOCUMENT AND PURCHASER AND SELLER HEREBY IRREVOCABLY AGREE THAT ALL CLAIMS IN RESPECT OF SUCH ACTION OR PROCEEDING SHALL BE LITIGATED IN SUCH COURTS.

Id. ¶ 4; Ex. A, Art. 18 (capitalization in original).

In early 2014, Daikin Applied discovered that Kavlico's transducers were causing refrigerant leaks in some of its HVAC systems. Id. ¶ 10. Kavlico, after being alerted to the leaks, determined that defects in the transducers' housing porosity and o-ring material were causing the leaks. Id. ¶ 13. Daikin Applied has demanded that Kavlico cover all past and future repair costs caused by the defective transducers, but Kavlico has refused. Id. ¶ 16.

On February 25, 2015, the parties unsuccessfully mediated their dispute. The very next day, Kavlico sued Daikin Applied in California state court, seeking payment and interest for 43 invoices on which Daikin Applied withheld payment. Daikin Applied removed the case to federal court and moved to dismiss. Daikin Applied's motion has been under advisement since May 20, 2015 in California federal court. Daikin Applied filed this Minnesota federal action on March 13, 2015.

## III. DISCUSSION

A.     **Standard of Review**

"To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant." Fastpath, Inc. v. Arbela Techs. Corp., 760 F.3d 816, 820 (8th Cir. 2014). In considering a motion to dismiss, the plaintiff's prima facie showing of jurisdiction must be tested, "not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." Id. The Court must assume that all facts alleged in the complaint are true. Hamm, 15 F.3d at 112. Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman v. Diana Corp., 825 F. Supp. 870, 880 (D. Minn. 1993).

B.     **Personal Jurisdiction**

Kavlico argues that this Court lacks personal jurisdiction. Kavlico argues that since it has insufficient minimum contacts with Minnesota, subjecting it to suit here would offend due process. Daikin Applied counters by arguing that the forum selection clause in Article 18 of the parties' written agreement is valid and makes jurisdiction here proper.

Determining whether this Court has personal jurisdiction over an out of state defendant requires a two part inquiry: first, whether the facts support jurisdiction under the state long-arm statute, and second, whether the exercise of jurisdiction comports with due process. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387–88 (8th Cir. 1991). Because Minnesota's long-arm statute is "coextensive with constitutional limits," the only question is whether the exercise of personal jurisdiction comports with due process. Johnson v. Woodcock, 444 F.3d 953, 955 (8th Cir. 2006).

Due process requires that the defendant has minimum contacts with the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "Due Process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause." Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001). A forum selection clause is prima facie valid and enforceable unless unjust, unreasonable, or invalid for reasons such as fraud or overreaching. M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999).

Kavlico concedes that the forum selection clause was incorporated into the sales agreement for at least some of the allegedly defective transducers that are the subject of this lawsuit. Moreover, Kavlico does not allege that the forum selection clause is unjust or unreasonable, or that it is invalid due to fraud or overreaching. Despite this, Kavlico argues that the forum selection clause is not dispositive because most of the transducers were sold pursuant to an agreement that did not include such a clause, or the transducers were sold without any formalized terms. Kavlico's position, however, would eviscerate the plain language of the contract that it agrees is valid as to at least some of the subject transducers. According to Article 2 of that contract, Kavlico's "shipment of the [transducers]" constitutes acceptance to submit litigation "to the exclusive jurisdiction" of any court in Hennepin County, Minnesota. Compl., Ex. A, Art. 2, 18. Kavlico's shipment of transducers constituted acceptance of the forum selection clause. Because the forum selection clause is valid, due process is not offended by adjudicating this dispute here.[2]

---

[2] Kavlico has additional contacts with Minnesota, beyond merely the forum selection clause. In addition to conducting years of business with a company that has its headquarters in Minnesota, Kavlico delivered approximately 3,700 transducers to Daikin Applied's facility in

**C.    First to File**

Kavlico also argues that the suit should be dismissed because an action arising from the same controversy is currently pending in the United States District Court for the Central District of California. Kavlico Corp. v. Daikin Applied Ams. Inc., No. 15-cv-2434 (C.D. Cal. removed Apr. 2, 2015). Kavlico points to the first-filed rule in support of its position. Under the first-filed rule, the court in which the first of two parallel cases is filed generally has priority to consider the case. Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993). However, the first-filed rule should not be applied in a "rigid, mechanical, or inflexible" manner. Id. The rule "will not be applied where a court finds compelling circumstances supporting its abrogation." Id. at 1006 (internal quotation marks omitted). The Eighth Circuit has identified knowledge of intent to file and a race to the courthouse as "red flags" that there may be compelling circumstances supporting departure from the first-filed rule. Id. at 1007.

Compelling circumstances exist in the California action. There is evidence that Kavlico both raced to the courthouse and was aware that Daikin Applied intended to file suit against it in Minnesota. After mediation concluded unsuccessfully, Kavlico filed suit in California the very next day. Daikin Applied's mediation brief advised Kavlico of its intention to file suit in Minnesota if the mediation was unsuccessful. Rajkumar Decl. [Docket No. 15] ¶ 2. The presence of these two "red flags" warrants abrogation of the first-filed rule in this case.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

---

Faribault, Minnesota. This is further evidence that jurisdiction here does not offend traditional notions of fair play and substantial justice. See Int'l Shoe Co., 326 U.S. at 316.

**HEREBY ORDERED** that Defendant's Motion to Dismiss or Stay [Docket No. 5] is **DENIED**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 11, 2015.